UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IAN BULLOCK, | ) | No.  CV 06-3692-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

On June 15, 2006, Ian Bullock ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits.  On August 8, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on January 4, 2007, defendant filed an Answer to Complaint.  On March 6, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On July 29, 2002, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 73-75). Plaintiff alleged that beginning on July 8, 2002, he was unable to work because he suffered from a drug overdose, partial paralysis, brain injury, cerebral inoxia, and a suicide attempt. (AR at 93). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 39-44, 46-50).

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 51). On August 3, 2004, the ALJ conducted a hearing in Pasadena, California. (AR at 430-85). Plaintiff appeared at the hearing with counsel and testified. (AR at 433-48). Glenn E. Griffin, Ph.D., and William J. Cable, M.D., medical experts, also appeared and testified. (AR at 448-61, 477-82, 461-77). Jane Haile, a vocational expert, appeared but did not testify. (AR at 430). In order to obtain additional documents, the hearing was continued to May 17, 2005. (AR at 486-508). At the continued hearing, plaintiff appeared with counsel and testified. (AR at 489-91, 501-03). Dr. Griffin and Ms. Haile also appeared and testified. (AR at 491-501, 503-07).

On July 1, 2005, the ALJ issued his decision denying benefits. (AR at 21-31). In his decision, the ALJ concluded that plaintiff suffered from the severe impairments of organic brain injury, depressive disorder, and a history of polysubstance abuse. (AR at 29). According to the ALJ, however, plaintiff's impairments do not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff retained the residual

2

1  capacity to remember, understand, and carry out three-step
2  instructions with the limitation that he can interact only
3  occasionally with the public and co-workers. (AR at 30). With this
4  residual functional capacity, the ALJ found that plaintiff could
5  perform the work of a drier attendant, furniture cleaner, and
6  lithographic general worker. (Id.). Ultimately, the ALJ found that
7  plaintiff was not disabled pursuant to the Social Security Act.
8  (Id.).

Thereafter, plaintiff filed a request with the Appeals Council for a review of the ALJ's decision. (AR at 16). The Appeals Council subsequently affirmed the ALJ's decision. (AR at 10-12).

**PLAINTIFF'S CONTENTION**

Plaintiff claims that the ALJ's non-disability finding was not supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and

consider adverse as well as supporting evidence. <u>Green v. Heckler</u>, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.**     **<u>The Sequential Evaluation</u>**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. <u>Bowen</u>, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. <u>Id.</u> at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. <u>Id.</u> at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Id.</u> If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. <u>Id.</u> at 141. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is

4

not able to perform such work. <u>Bowen</u> 482 U.S. at 142.

**B.   Whether Substantial Evidence Supported the ALJ's Findings**

    Plaintiff claims that the ALJ erred by not including all of plaintiff's limitations in his hypothetical to the vocational expert. Specifically, plaintiff alleges that the ALJ failed to include in the hypothetical his finding that plaintiff suffers from moderate limitations in concentration, persistence, or pace. As a result of the omission, plaintiff claims that the ALJ's decision is not supported by substantial evidence.

    At the hearing, the ALJ posed two hypotheticals to the vocational expert. In the first hypothetical, the ALJ asked Ms. Haile about whether the following individual would be capable of work:

> The individual has reasoning capable of learning simple, repetitive tasks but would have difficulty adapting to changes in the work environment. The individual has reasoning capacities that are intact, but his emotional stability appears quite poor, which would suggest moderate limitations in the ability to adapt to changes in the work environment and moderate limitations in the ability to interact appropriately with coworkers and members of the public.

(AR at 504-05). The ALJ defined moderate as a 30 percent reduction. (AR at 505). The ALJ then posed the a second hypothetical to the vocational expert:

> Hypothetical person [] who has no limitations except for the following: the ability to understand, remember, and carry out simple, three-

```
 1                    step instructions on a repetitive, competitive
 2                    basis with, however, the additional limitation of
 3                    [] only occasional interaction with coworkers and
 4                    members of the national public.
```
(AR at 506). The vocational expert responded that an individual in either hypothetical could perform the work of a drier attendant, furniture cleaner, and lithographic general worker. (AR at 505-06, 507). Ultimately, the ALJ adopted the testimony of the vocational expert in response to the hypotheticals. (AR at 29).

In order for a vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." <u>Andrews</u>, 53 F.3d 1035, 1044 (9th Cir. 1995). While the ALJ need not include every alleged impairment in his hypothetical, he must make specific findings explaining his rationale for disbelieving any subjective complaints that are not included. <u>Copeland v. Bowen</u>, 861 F.2d 536, 540 (9th Cir. 1988); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, plaintiff objects to the hypothetical because he claims that the ALJ failed to include plaintiff's limitations in concentration, persistence, or pace in accordance with his findings. In his decision, the ALJ made the findings that claimant had "a mild limitation in activities of daily living. The claimant has a mild limitation in social functioning. <u>The claimant has a moderate limitation in maintaining concentration, persistence, or pace</u>." (AR at 27)(emphasis added). The hypothetical that the ALJ posed to the vocational expert, however, did not include any limitation in maintaining concentration, persistence, or pace. (AR at 504-05). Moreover, at the hearing, plaintiff's counsel posed a hypothetical to

1  the vocational expert involving an individual of plaintiff's same age,
2  education, and work background with the inability to maintain
3  concentration, persistence, or pace for thirty percent of the day.[1]
4  (AR at 507).  With a thirty percent reduction in concentration,
5  persistence, or pace, Ms. Haile testified that such a hypothetical
6  individual would be precluded from work.  (Id.).

7       Defendant claims that the ALJ need not include the omitted
8  limitation in the hypothetical because such limitation is only
9  relevant to assess whether a mental impairment is severe.  Defendant
10 further contends that the ALJ's residual functional capacity finding
11 is supported by substantial evidence, namely the Mental Residual
12 Functional Capacity Assessment completed by Ralston Paul, M.D., and
13 the Ability to Do Work-Related Activities (Mental) form completed by
14 Melanie K. Moran, Ph.D.  (AR at 409-11, 425-27).  Finally, defendant
15 cites case law in support of her proposition that limitations in
16 concentration, persistence, or pace need not be included in the
17 hypothetical.  The cases cited by defendant, however, are inapplicable
18 to the instant case.  In Smith v. Halter, the first case cited by
19 defendant, the court found that the ALJ need not include the
20 assessment that claimant often experienced problems with concentration
21 in the hypothetical to the vocational expert.  Smith v. Halter, 307
22 F. 3d 377, 379 (6th Cir. 2001).  The court reasoned that while the ALJ
23 rendered this "often" assessment by checking a single box on a form,
24 the ALJ had also developed a complete and accurate assessment
25 involving the testimony of four physicians, translated the claimant's

---

[1] At the hearing, the ALJ noted that he considered a 30 percent reduction in ability to be "moderate."  (AR at 505, 507).

1  condition into concrete restrictions, and duly incorporated these
2  restrictions into his hypothetical to the vocational expert. Smith,
3  307 F. 3d at 379. Here, unlike the Smith case, the ALJ did not
4  incorporate the relevant restrictions into the hypothetical presented
5  to the vocational expert. In Howard v. Massanari, the other case
6  cited by defendant, the court found that the ALJ adequately addressed
7  a physician's opinion with respect to a claimant's limitations in
8  concentration, persistence, or pace when determining that plaintiff
9  was capable of doing simple, repetitive, and routine tasks. Howard
10 v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001). In Howard, however,
11 the same doctor that determined that plaintiff had limitations in
12 concentration, persistence, or pace also determined on the same day
13 that the claimant was able "to sustain sufficient concentration and
14 attention to perform simple, repetitive, and routine cognitive
15 activity." Id. Thus, the ALJ in Howard incorporated the limitation
16 into his decision. Here, the ALJ failed to do so. Furthermore, in
17 addition to the different set of facts involved in the cases, both
18 cases cited were rendered in different circuits.
19     The Ninth Circuit has determined that an ALJ must include
20 functional limitations outlined in the Psychiatric Review Technique
21 form in his hypothetical. Thomas v. Barnhart, 278 F.3d 947, 956 (9th
22 Cir. 2002). When plaintiff's counsel included the limitations on
23 concentration, persistence, or pace in the hypothetical, the
24 vocational expert testified that plaintiff would be precluded from
25 work. (AR at 507). Thus, the ALJ's failure to include in the
26 hypothetical the reference to moderate limitation in concentration,
27 persistence, or pace, materially affected the vocational expert's
28

1  response and, by necessity, the ALJ's determination regarding
2  plaintiff's residual functional capacity. By failing to include the
3  specific limitation outlined in his findings, the ALJ failed to
4  present a complete hypothetical to the vocational expert.

**C.     Reversal and Remand is Appropriate**

6       The choice whether to reverse and remand for further
7  administrative proceedings, or to reverse and simply award benefits,
8  is within the discretion of the Court. McAlister v. Sullivan, 888
9  F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional
10 proceedings would remedy defects in the ALJ's decision, and where the
11 record should be developed more fully. Id; see also Rodriguez v.
12 Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d
13 172, 176 (9th Cir. 1990). An award of benefits is appropriate where
14 no useful purpose would be served by further administrative
15 proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir.
16 1995), where the record has been fully developed, see Schneider v.
17 Commissioner of the Social Security Administration, 223 F.3d 968, 976
18 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir.
19 1993), or where remand would unnecessarily delay the receipt of
20 benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).
21      Here, defendant argues that even if the Court finds that
22 substantial evidence does not support the ALJ's decision, an award of
23 benefits is unavailable due to plaintiff's extensive drug and alcohol
24 use. Defendant asserts that once disability is found in such
25 circumstances, the materiality of plaintiff's admitted drug and
26 alcohol use must be adjudicated. See 42 U.S.C. § 423(d)(2)(C); 20
27 C.F.R. §§ 404.1435, 416.935. In this case, the Court finds remand
28 appropriate.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT Judgment shall be entered reversing the decision of the Commissioner denying benefits and remanding this case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: May 9, 2007

                                              /s/
                                      JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE